# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

BANK OF AMERICA, N.A.,      )
           )
       Plaintiff,     )   Case No.: 2:16-cv-00496-GMN-CWH
    vs.         )
           )   **ORDER**
REGENCY VILLAGE OWNER'S   )
ASSOCIATION, INC., *et al.*,    )
           )
       Defendants.   )
_____)

Pending before the Court is the Motion to Dismiss, (ECF No. 34), filed by Defendant CSC Acquisitions & Holdings, LLC ("CSC"). Plaintiff Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP ("BANA") filed a Response, (ECF No. 36), and CSC filed a Reply, (ECF No. 42). For the reasons discussed below, the Court **GRANTS** CSC's Motion.

## I.  BACKGROUND

BANA filed its Complaint on March 8, 2016, asserting claims involving the non-judicial foreclosure on real property located at 104 Sir George Drive, Las Vegas, Nevada (the "Property"). (Compl. ¶ 8, ECF No. 1). BANA alleges that CSC purchased the Property at the foreclosure sale and later quitclaimed its interest in the Property to Oscar Martinez-Avilez and Miriam Martinez-Avilez (the "Martinez-Avilezes"). (*Id.* ¶ 27, 29).

Specifically, BANA asserts the following causes of action against various parties involved in the foreclosure and subsequent sales of the Property: (1) quiet title with a requested remedy of declaratory judgment; (2) breach of Nevada Revised Statute ("NRS") 116.1113; (3) wrongful foreclosure; (4) injunctive relief. (*Id.*). As against CSC, BANA asserts only its claim to quiet title. (*Id.*). In the instant Motion, CSC argues that: (1) the Court lacks jurisdiction over

this case as BANA has failed to allege the amount in controversy is met; and (2) BANA has failed to state a claim against CSC.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits motions to dismiss for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "[t]he party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists"). Accordingly, courts presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

"Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (per curiam). However, where there is no way to cure the jurisdictional defect, dismissal with prejudice is proper. *See id.*

### B. Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations

as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

## III.  DISCUSSION

### A.  Subject Matter Jurisdiction

A district court has original jurisdiction over civil actions between citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. 28 U.S.C. § 1332(a). Where a claim is originally filed in the federal court, the Court applies the legal certainty standard in determining whether the requisite jurisdictional amount is present. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (1996); *compare id.* at 404 (indicating that the preponderance of the evidence standard applies only when a defendant removes a plaintiff's state court complaint that does not specify a particular amount of damages). Under the legal certainty standard, a claim in the complaint made in good faith satisfies the jurisdictional requirement for diversity unless "from the face of the pleadings, it is apparent, to

a legal certainty, that the plaintiff cannot recover the amount claimed." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1990); *see Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (holding that the amount in controversy alleged by the proponent of federal jurisdiction controls so long as the claim is made in good faith). In short, where the plaintiff originally files in federal court, the amount in controversy is determined from the face of the pleadings, and to justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010).

CSC argues for dismissal on the grounds that the BANA's alleged damages do not exceed $75,000.00. CSC contends that "the maximum relief [BANA] can obtain in this quiet title action is measured by the value of the Property securing the loan, not the amount of the loan itself." (Mot. to Dismiss ("MTD") 4:19–20, ECF No. 35). Further, CSC asserts that the value of the Property is far less than $75,000.00. (*Id.* 5:18–27).

The Court concludes that BANA's damages claim was made in good faith and cannot say with legal certainty that the amount in controversy does not exceed $75,000.00. From the face of the Complaint, BANA alleges that the "amount in controversy requirement is met as BANA seeks a declaration that its deed of trust, which secures a loan with a principal balance of $156,787.07 was not extinguished by a homeowner's association non-judicial foreclosure sale." (Compl. ¶ 7). CSC cites no authority that the amount in controversy in such a case cannot be established by the balance of the deed of trust alone. Indeed, many courts in this district have found such allegations sufficient to demonstrate jurisdiction in similar cases. *See, e.g.*, *Long v. Aurora Bank, FSB*, No. 2:12-cv-00721-GMN-CWH, 2012 WL 2076842, at *1 (D. Nev. June 8, 2012) ("[T]he value of this lawsuit [to quiet title is] at least the value of the underlying loan."); *Chavez v. Wells Fargo Bank, N.A.*, No. 3:11-cv-0660-LRH-WGC, 2012 WL 1328824, at *1 (D. Nev. Apr. 17, 2012); *see also Schultz v. BAC Home Loans Servicing,*

*LP*, No. CV-11-00558-PHX-NVW, 2011 WL 1771679, at *2 (D. Ariz. May 10, 2011) (finding that when a party seeks to quiet title, the amount in controversy "is at least the value of the subject property and, more likely, the value of the loan"). In light of the foregoing, the Court cannot say with legal certainty that the amount in controversy does not exceed $75,000.00. Therefore, the Court must deny CSC's Motion to Dismiss for lack of jurisdiction.

### B.    Failure to State a Claim

Next, CSC asks Court to dismiss the quiet title/declaratory judgment claim against it because it asserts no interest in the Property adverse to BANA.[1] (MTD 7:13–14); (*see also* Compl. ¶ 29) ("CSC transferred its interest in the property to the Martinez-Avilezes by virtue of a quitclaim deed."). In response to CSC's argument that it has no interest in the litigation, BANA argues that CSC "must be joined to this claim in order to ensure any judgment is binding on any person who received an ownership interest following the HOA foreclosure sale." (MTD 8:7–9). Assuming, without deciding that CSC's Motion can be treated as a Rule 12(c) motion for judgment on the pleadings, BANA's argument falls short.

BANA does not argue that CSC is a necessary party under Federal Rule of Civil Procedure 19(a). Rather, BANA points to an attenuated hypothetical to support its claim that dismissal of CSC is improper: "if CSC was not a party to this lawsuit and judgment was entered in favor of BANA as to all claims, CSC could claim an ownership interest in the property because its prior interest was not adjudicated as invalid." (Resp. 8:9–11, ECF No. 36). As CSC has disclaimed all interest in the property, BANA fails to explain how this circumstance could

---

[1] BANA correctly points out that CSC has already submitted an Answer to the Complaint before bringing its Motion to Dismiss. (*See* Resp. 7:21–24.) The Court finds that CSC asserted the defense that BANA failed to state a claim in its Answer, (ECF No. 9), and thus, did not waive that defense by filing its Answer before filing the Motion to Dismiss. *See Hillis v. Heineman*, 626 F.3d 1014, 1019 (9th Cir. 2010) ("We endorse the general rule that the assertion of alternative defenses in an answer, or the assertion of claims in a counterclaim or a thirdparty claim, will not waive a defense that has been asserted previously or contemporaneously in an answer."). Moreover, the result of this case would not change if the Court treated this Motion as a motion made under Federal Rule of Civil Procedure 12(c) rather than Federal Rule of Civil Procedure 12(b)(6).

arise.  Other courts in this district have held that "parties facing a quiet title claim may be, at least nominally, necessary parties when the court's potential invalidation of the foreclosure sale could alter their possible liability to other entities in the case." *Bank of Am., N.A. v. Sunrise Ridge Master Homeowners Ass'n*, No. 2:16-cv-0381-JCM-VCF, 2017 WL 1293977, at *4 (D. Nev. Mar. 10, 2017).  BANA has not adequately explained how a result in its favor would alter CSC's liability to the remaining parties.  The Court therefore dismisses BANA's claims against CSC without prejudice.

## IV.    <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 34), is **GRANTED**.  BANA shall have twenty-one days from the filing date of this Order to file an amended complaint should it elect to do so.  Failure to file an amended complaint by this date will result in dismissal of BANA's claims against CSC with prejudice

**DATED** this __29__ day of June, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge